## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Pedro Perez Leyva</u>
 Plaintiff
      vs.
<u>Salomon Gold, Cila Gold</u>
Defendant

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
　　☐　Business governance
　　☐　Business torts
　　☐　Environmental/Toxic tort
　　☐　Third party indemnification
　　☐　Construction defect
　　☐　Mass tort
　　☐　Negligent security
　　☐　Nursing home negligence
　　☐　Premises liability – commercial
　　☐　Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　☐　Commercial foreclosure $0 - $50,000
　　☐　Commercial foreclosure $50,001 - $249,999
　　☐　Commercial foreclosure $250,000 or more
　　☐　Homestead residential foreclosure $0 – 50,000
　　☐　Homestead residential foreclosure $50,001 - $249,999
　　☐　Homestead residential foreclosure $250,000 or more
　　☐　Non-homestead residential foreclosure $0 - $50,000
　　☐　Non-homestead residential foreclosure $50,001 - $249,999
　　☐　Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
　　☐　Malpractice – business
　　☐　Malpractice – medical
　　☐　Malpractice – other professional
☒ Other
　　☐　Antitrust/Trade Regulation
　　☐　Business Transaction
　　☒　Circuit Civil - Not Applicable
　　☐　Constitutional challenge-statute or ordinance
　　☐　Constitutional challenge-proposed amendment
　　☐　Corporate Trusts
　　☐　Discrimination-employment or other
　　☐　Insurance claims
　　☐　Intellectual property
　　☐　Libel/Slander
　　☐　Shareholder derivative action
　　☐　Securities litigation
　　☐　Trade secrets
　　☐　Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.     REMEDIES SOUGHT** (check all that apply):

     ☒   Monetary;

     ☐   Non-monetary

     ☐   Non-monetary declaratory or injunctive relief;

     ☐   Punitive

**IV.     NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

   14

**V.     IS THIS CASE A CLASS ACTION LAWSUIT?**

     ☐   Yes

     ☒   No

**VI.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

     ☒   No

     ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**

     ☒   Yes

     ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Edilberto O Marban      FL Bar No.: 435960
    Attorney or party                              (Bar number, if attorney)

Edilberto O Marban    01/11/2017
    (Type or print name)                               Date

Case 1:17-cv-20995-AOR   Document 1-1   Entered on FLSD Docket 03/16/2017   Page 3 of 46

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO:

PEDRO PEREZ LEYVA,

      Plaintiff,

vs.

SALOMON GOLD, individually, and CILA
GOLD, individually,

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, and hereby sues Defendants, SALOMON GOLD individually, and CILA GOLD, individually (hereinafter collectively referred to as the "Employers"), and as grounds states:

### JURISDICTIONAL ALLEGATIONS

1.     This action is brought by Plaintiff, PEDRO PEREZ LEYVA to recover money damages for unpaid overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA").

2.     Plaintiff seeks damages in excess of $15,000.00 and this action is therefore within the jurisdiction of this Court.

### VENUE

3.     All facts giving rise to this cause of action took place in Miami-Dade County, Florida.

4.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5.     The Defendants, SALOMON GOLD and CILA GOLD, are both residents of Miami-Dade County, where Plaintiff was employed.

## JOINT EMPOLOYMENT, FLSA COVERAGE

6.     FLSA coverage is triggered pursuant to 29 U.S.C.S. § 202(a) which confers FLSA coverage on the employment of persons in domestic service. Plaintiff was a full-time domestic service employee who worked in the private home of the Defendants. His job duties included, but are not limited to, running errands for the individual Defendants, being a chauffeur, driving the family to and from their home and on vacation to Tampa, Jupiter, West Palm Beach and Naples. In the morning, Plaintiff often brought breakfast to Defendants' residence and shopped for groceries. Plaintiff's domestic employment complies with 29 C.F.R. § 552.3, which states that "The term domestic service employment means services of a household nature performed by an employee in or about a private home (permanent or temporary). The term includes services performed by employees such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use". Such work is work in commerce as defined by the FLSA. 29 U.S.C.S. § 202(a); 29 C.F.R. § 552.2; § 552.3.

## PLAINTIFF'S EMPLOYMENT

7.     Plaintiff PEREZ was employed by Salomon Gold and Cila Gold as a domestic employee from approximately October 20, 2013 until November 16, 2016. Plaintiff was paid a weekly salary that increased during his employment. During the first part of Plaintiff's employment, he was paid in cash. From October 20, 2013 through November 3, 2013, the first

two weeks of his employment, Plaintiff was not paid a wage as his employers told him that the first two weeks of work would be held in abeyance and be paid to him at the end of his employment. Accordingly, Defendants owe him the minimum wage for these first two weeks. Thereafter, from November 4, 2013 through January 2014, Defendants paid Plaintiff $350.00 per week in cash. Beginning approximately in February 2014, Defendants began to pay Plaintiff with a check from Falcon Assets Management, Inc., an entity belonging to Defendants. Once again in February 2014, Defendants told him that an additional two weeks of pay (at the rate of $350.00 per week) would be held in abeyance until the end of Plaintiff's employment. Defendants also owe Plaintiff the required minimum wage for these two additional weeks of employment for which Plaintiff was not paid. Defendants continued to pay Plaintiff at a rate of $350.00 per week with a check through August 2014. Thereafter, approximately in September 2014, Defendants began to pay Plaintiff $450.00 per week until December 2014. Beginning January 1, 2015 through December 31, 2015, Plaintiff's wages were increased to $475.00 per week. Then beginning on January 1, 2016 through November 15, 2016, Plaintiff was paid $500.00, per week.[1]

8.    While employed with Defendants, Mr. Perez' job duties included, but were not limited to, chauffeuring Mr. and Mrs. Gold and their family to and from their home, and drove the family on vacation to Tampa, Jupiter, West Palm Beach and Naples. Plaintiff also ran errands and performed general duties as a domestic employee. During a certain time period, Plaintiff was required to pay for some of the gas for one of the vehicles that he drove. The expense of the gas further drove Plaintiff's wage below minimum wage.

---

[1]The dates and times when Plaintiff was paid a salary are estimated as a matter of just and reasonable inference as Defendants failed to keep time and payroll records required by the FLSA. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).

## COUNT I
## UNPAID OVERTIME WAGE CLAIM
## SALOMON GOLD AND CILA GOLD

9.     Plaintiff re-alleges and re-avers paragraphs 1 through 8, as fully set forth herein.

10.     Plaintiff regularly worked in excess of forty hours per week while employed by Defendants. Plaintiff regularly worked seven days per week. He estimates that he began working at approximately 7:00 a.m., and ended his work in the evening, sometimes even longer hours when he drove Defendants outside of Miami, Florida. Plaintiff therefore regularly worked in excess of 40 hours per week without overtime pay. Plaintiff was never paid time-and-one-half his regular rate for the hours in excess of forty (40) as required by the FLSA.

11.     At all times material hereto, the Employers failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provisions were made by the Employers to properly pay Plaintiff at the rate of time-and-one-half for all hours he worked in excess of forty (40) per workweek, as provided in the FLSA.

12.     The Employers knew of and showed reckless disregard for the provisions of the FLSA because the Employers had knowledge of Plaintiff's work schedule and the amount of overtime hours he worked. Defendants knew that Plaintiff regularly worked seven days a week, long days, and that the hours worked were in excess of 40 per week. Defendants failed to keep time and payroll records as required by the FLSA. Defendants paid Plaintiff in cash, and then paid him a salary that was well below the minimum wage. Defendants also misclassified Plaintiff as a 1099 laborer rather than a W-2 employee. The Employers knew or should have known of the work Plaintiff performed and of their obligation to pay overtime wages to Plaintiff and the Employers failed to pay Plaintiff his overtime wages at a rate of time-and-one-half as required by

4

the FLSA.

13.    The Employers remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

14.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fees.

WHEREFORE, Plaintiff requests judgment in his favor, jointly and severally, against both Defendants, in the amount of full compensatory damages, and an equal amount as liquidated damages, reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, as well as any and all other relief which this Court deems necessary and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: _s/Edilberto O. Marban_
EDDY O. MARBAN, ESQ.
Fl. Bar No. 435960

5

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

      Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, and hereby sues Defendants, SALOMON GOLD individually, and CILA GOLD, individually (hereinafter collectively referred to as the "Employers"), and as grounds states:

## JURISDICTIONAL ALLEGATIONS

1.     This action is brought by Plaintiff, PEDRO PEREZ LEYVA to recover money damages for unpaid overtime and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA") and pursuant to Fla. Const. Art. 10 § 24; FLA. Stat. § 448.110.

2.     Plaintiff seeks damages in excess of $15,000.00 and this action is therefore within the jurisdiction of this Court.

## VENUE

3.      All facts giving rise to this cause of action took place in Miami-Dade County, Florida.

4.      Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5.      The Defendants, SALOMON GOLD and CILA GOLD, are both residents of Miami-Dade County, where Plaintiff was employed.

## JOINT EMPOLOYMENT, FLSA COVERAGE

6.      FLSA coverage is triggered pursuant to 29 U.S.C.S. § 202(a) which confers FLSA coverage on the employment of persons in domestic service. Plaintiff was a full-time domestic service employee who worked in the private home of the Defendants. His job duties included, but are not limited to, running errands for the individual Defendants, being a chauffeur, driving the family to and from their home and on vacation to Tampa, Jupiter, West Palm Beach and Naples. In the morning, Plaintiff often brought breakfast to Defendants' residence and shopped for groceries. Plaintiff's domestic employment complies with 29 C.F.R. § 552.3, which states that "The term domestic service employment means services of a household nature performed by an employee in or about a private home (permanent or temporary). The term includes services performed by employees such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use". Such work is work in commerce as defined by the FLSA. 29 U.S.C.S. § 202(a); 29 C.F.R. § 552.2; § 552.3.

## PLAINTIFF'S EMPLOYMENT

7.     Plaintiff PEREZ was employed by Salomon Gold and Cila Gold as a domestic employee from approximately October 20, 2013 until November 16, 2016. Plaintiff was paid a weekly salary that increased during his employment. During the first part of Plaintiff's employment, he was paid in cash. From October 20, 2013 through November 3, 2013, the first two weeks of his employment, Plaintiff was not paid a wage as his employers told him that the first two weeks of work would be held in abeyance and be paid to him at the end of his employment. Accordingly, Defendants owe him the minimum wage for these first two weeks. Thereafter, from November 4, 2013 through January 2014, Defendants paid Plaintiff $350.00 per week in cash. Beginning approximately in February 2014, Defendants began to pay Plaintiff with a check from Falcon Assets Management, Inc., an entity belonging to Defendants. Once again in February 2014, Defendants told him that an additional two weeks of pay (at the rate of $350.00 per week) would be held in abeyance until the end of Plaintiff's employment. Defendants also owe Plaintiff the required minimum wage for these two additional weeks of employment for which Plaintiff was not paid. Defendants continued to pay Plaintiff at a rate of $350.00 per week with a check through August 2014. Thereafter, approximately in September 2014, Defendants began to pay Plaintiff $450.00 per week until December 2014. Beginning January 1, 2015 through December 31, 2015, Plaintiff's wages were increased to $475.00 per week. Then beginning on January 1, 2016 through November 15, 2016, Plaintiff was paid $500.00, per week.[1]

---

[1] The dates and times when Plaintiff was paid a salary are estimated as a matter of just and reasonable inference as Defendants failed to keep time and payroll records required by the FLSA. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).

8.      While employed with Defendants, Mr. Perez' job duties included, but were not limited to, chauffeuring Mr. and Mrs. Gold and their family to and from their home, and drove the family on vacation to Tampa, Jupiter, West Palm Beach and Naples. Plaintiff also ran errands and performed general duties as a domestic employee. During a certain time period, Plaintiff was required to pay for some of the gas for one of the vehicles that he drove. The expense of the gas further drove Plaintiff's wage below minimum wage.

### COUNT I
### UNPAID OVERTIME WAGE CLAIM AGAINST
### DEFENDANTS, SALOMON GOLD AND CILA GOLD

9.      Plaintiff re-alleges and re-avers paragraphs 1 through 8, as fully set forth herein.

10.     Plaintiff regularly worked in excess of forty hours per week while employed by Defendants. Plaintiff regularly worked seven days per week. He estimates that he began working at approximately 7:00 a.m., and ended his work in the evening, sometimes even longer hours when he drove Defendants outside of Miami, Florida. Plaintiff therefore regularly worked in excess of 40 hours per week without overtime pay. Plaintiff was never paid time-and-one-half his regular rate for the hours in excess of forty (40) as required by the FLSA.

11.     At all times material hereto, the Employers failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provisions were made by the Employers to properly pay Plaintiff at the rate of time-and-one-half for all hours he worked in excess of forty (40) per workweek, as provided in the FLSA.

12.     The Employers knew of and showed reckless disregard for the provisions of the FLSA because the Employers had knowledge of Plaintiff's work schedule and the amount of overtime hours he worked. Defendants knew that Plaintiff regularly worked seven days a week,

long days, and that the hours worked were in excess of 40 per week. Defendants failed to keep time and payroll records as required by the FLSA. Defendants paid Plaintiff in cash, and then paid him a salary that was well below the minimum wage. Defendants also misclassified Plaintiff as a 1099 laborer rather than a W-2 employee. The Employers knew or should have known of the work Plaintiff performed and of their obligation to pay overtime wages to Plaintiff and the Employers failed to pay Plaintiff his overtime wages at a rate of time-and-one-half as required by the FLSA.

13.     The Employers remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

14.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fees.

WHEREFORE, Plaintiff requests judgment in his favor, jointly and severally, against both Defendants, in the amount of full compensatory damages, and an equal amount as liquidated damages, reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, as well as any and all other relief which this Court deems necessary and just.

## COUNT II
## MINIMUM WAGE VIOLATION AGAINST
## DEFENDANTS, SALOMON GOLD AND CILA GOLD

15.     Plaintiff re-alleges and re-avers paragraphs 1 through 8, as fully set forth herein.

16.     Defendants, Salomon Gold and Cila Gold, are required to pay their employees a minimum wage not less than $7.79 per hour from October 2013 through December 31, 2013; $7.93 per hour from January 1, 2014 through December 31, 2014; and $8.05 January 1, 2015 through November 15, 2016.

17.     Plaintiff was employed with Salomon Gold and Cila Gold, as a domestic employee from approximately October 20, 2013 through November 15, 2016. From approximately November 4, 2013 through January 31, 2014 and again from February 16, 2014 through August 31, 2014, Plaintiff was paid at a rate of $3.33 per hour. From approximately, September 1, 2014 through December 31, 2014, Plaintiff was paid $4.52 per hour. Additionally, Plaintiff was paid at a rate of $4.52 per hour in 2015 and $4.76 per hour from approximately January 1, 2016 through November 15, 2016. Moreover, Defendants failed to pay Plaintiff *any* wage for a total of four weeks during his employment.

18.     Florida Minimum Wage law requires that the Employer pay Plaintiff a requiered minimum wage per hour. F.S. § 448.110.

19.     As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid wage compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payment to him by appropriate discovery proceedings to be promptly taken in this cause.

20.     Defendants, Salomon Gold and Cila Gold, willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remain owing him back wages. Defendants knew of the failure to pay Plaintiff. Defendants showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the Florida Constitution requirement of minimum wages. Defendants remain owing Plaintiff these minimum wages since the

commencement of Plaintiff's employment with Salomon Gold and Cila Gold as set forth above and is entitled to a recovery of double damages.

21.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from Defendants, Salomon Gold and Cila Gold, jointly and severally against both Defendants, pursuant to F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations. In the event that Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **(b) Form for Personal Service on a Natural Person** | 17-000732 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| PEDRO PEREZ LEYVA, | SALOMON GOLD, individually, and CILA GOLD, individually. | |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>CILA GOLD | Address:<br>1177 Kane Concourse, Suite 218, Bay Harbor Islands, Florida 33154 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

### DADE COUNTY COURT LOCATIONS

| | | | SERVICE |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Joseph Caleb Center (20)<br>Room 103<br>5400 NW 22 Avenue<br>Miami, Florida 33142 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |
| ☐ Hialeah District (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 | | | |

| Plaintiff/Plaintiff Attorney<br>Eddy O. Marban, Esq.<br>Florida Bar No. 435960 | Address:<br>1600 Ponce de Leon Boulevard, Suite 902<br>Coral Gables, Florida 33134 |
|---|---|

| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: _____<br>DEPUTY CLERK | DATE ON: |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| **DIVISION** | **CIVIL ACTION SUMMONS** (b) Form for Personal Service on a Natural Person | **CASE NUMBER** |
|---|---|---|
| ☒ CIVIL ☐ DISTRICTS ☐ OTHER | | 17-000732 CA 01 |

| **PLAINTIFF(S)** | **VS. DEFENDANT(S)** | **CLOCK IN** |
|---|---|---|
| PEDRO PEREZ LEYVA, | SALOMON GOLD, individually, and CILA GOLD, individually. | |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): SALOMON GOLD | Address: 1177 Kane Concourse, Suite 218, Bay Harbor Islands, Florida 33154 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

### DADE COUNTY COURT LOCATIONS

| | | | **SERVICE** |
|---|---|---|---|
| ☒ Dade County Courthouse (05) Room 133 73 West Flagler Street Miami, Florida 33130 | ☐ Joseph Caleb Center (20) Room 103 5400 NW 22 Avenue Miami, Florida 33142 | ☐ North Dade Justice Center (23) Room 100 15555 Biscayne Blvd. North Miami Beach, Florida 33160 | |
| ☐ Miami Beach District Court (24) Room 200 1130 Washington Avenue Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25) Room 100 3100 Ponce De Leon Blvd. Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26) Room 1200 10710 SW 211 Street Miami, Florida 33189 | |
| ☐ Hialeah District (21) Room 100 11 East 6th Street Hialeah, Florida 33010 | | | |

| Plaintiff/Plaintiff Attorney Eddy O. Marban, Esq. Florida Bar No. 435960 | Address: 1600 Ponce de Leon Boulevard, Suite 902 Coral Gables, Florida 33134 | |
|---|---|---|
| **HARVEY RUVIN CLERK OF COURTS** | BY: *Natasha makes* ~ 308631 DEPUTY CLERK | DATE ON: 2/13/2017 |

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE
"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS**<br>(b) Form for Personal Service on a Natural Person | 17-000732 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| PEDRO PEREZ LEYVA, | SALOMON GOLD, individually, and<br>CILA GOLD, individually. | |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>CILA GOLD | Address:<br>1177 Kane Concourse, Suite 218, Bay Harbor Islands, Florida 33154 |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

### DADE COUNTY COURT LOCATIONS

| | | | SERVICE |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Joseph Caleb Center (20)<br>Room 103<br>5400 NW 22 Avenue<br>Miami, Florida 33142 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |
| ☐ Hialeah District (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 | | | |

| Plaintiff/Plaintiff Attorney<br>Eddy O. Marban, Esq.<br>Florida Bar No. 435960 | Address:<br>1600 Ponce de Leon Boulevard, Suite 902<br>Coral Gables, Florida 33134 |
|---|---|
| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: _Natalie Makas_ 308631<br>DEPUTY CLERK | DATE ON:<br>2/13/2017 |

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS**<br>(b) Form for Personal Service on a Natural Person | 17-000732 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| PEDRO PEREZ LEYVA, | SALOMON GOLD, individually, and<br>CILA GOLD, individually. | |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>SALOMON GOLD | Address:<br>1177 Kane Concourse, Suite 218, Bay Harbor Islands, Florida 33154 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

### DADE COUNTY COURT LOCATIONS

| | | | SERVICE |
|---|---|---|---|
| ☒ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Joseph Caleb Center (20)<br>Room 103<br>5400 NW 22 Avenue<br>Miami, Florida 33142 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |
| ☐ Hialeah District (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 | | | |

| Plaintiff/Plaintiff Attorney<br>Eddy O. Marban, Esq.<br>Florida Bar No. 435960 | Address:<br>1600 Ponce de Leon Boulevard, Suite 902<br>Coral Gables, Florida 33134 | |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: _Natasha makes_ 308631<br>DEPUTY CLERK | DATE ON:<br>2/13/2017 |

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## RETURN OF SERVICE

**State of Florida**                    **County of Miami Dade**                    **Circuit Court**

Case Number: 17-000732 CA 01

Plaintiff:
**PEDRO PEREZ LEYVA**

vs.

Defendant:
**SALOMON GOLD, INDIVIDUALLY, AND CILA GOLD, INDIVIDUALLY**

For:
Eddy Marban
The Law Office Of Eddy O. Marban
1600 Ponce De Leon Boulevard
Suite 902
Coral Gables, FL 33134

Received by L & L Process, LLC. on the 14th day of February, 2017 at 1:16 pm to be served on **SALOMON GOLD, 1177 KANE CONCOURSE, SUITE 216, BAY HARBOR ISLANDS, FL 33154**.

I, Danny Mendez, do hereby affirm that on the **15th day of February, 2017** at **11:45 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the   **Civil Action Summons, Civil Cover Sheet, First Amended Complaint, Notice of Consent to Join, Notice of Service of Plaintiff's First Set of Interrogatories to Salomon Gold, Plaintiff's Request for Admissions to Defendant and Plaintiff's First Request for Production to Defendant's Salomon Gold and Cila Gold**   with the date and hour of service endorsed thereon by me, to: **SALOMON GOLD** at the address of: **1108 KANE CONCOURSE, SUITE 224, BAY HARBOR ISLANDS, FL 33154**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
2/15/2017  11:38 am  At given address, Salomon was not in the office, per maintenance worker, Salomon can be found at 1108 Kane Concourse Suite 224.

**Description** of Person Served: Age: 70, Sex: M, Race/Skin Color: HISPANIC, Height: 5'9", Weight: 220, Hair: BALD, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**Danny Mendez**
Certified Process Server #1265

L & L Process, LLC.
13876 SW 56 Street
Suite 200
Miami, FL 33175
(305) 772-8804

Our Job Serial Number: LLP-2017000213

# RETURN OF SERVICE

**State of Florida**                    **County of Miami Dade**                    **Circuit Court**

Case Number: 17-000732 CA 01

Plaintiff:
**PEDRO PEREZ LEYVA**

vs.

Defendant:
**SALOMON GOLD, INDIVIDUALLY, AND CILA GOLD, INDIVIDUALLY**

For:
Eddy Marban
The Law Office Of Eddy O. Marban
1600 Ponce De Leon Boulevard
Suite 902
Coral Gables, FL 33134

Received by L & L Process, LLC. on the 14th day of February, 2017 at 1:16 pm to be served on **CILA GOLD, 1177 KANE CONCOURSE, SUITE 216, BAY HARBOR ISLANDS, FL 33154**.

I, Danny Mendez, do hereby affirm that on the **15th day of February, 2017** at **11:45 am, I:**

**SUBSTITUTE** served by delivering a true copy of the **Civil Action Summons, Civil Cover Sheet, First Amended Complaint, Notice of Consent to Join, Notice of Service of Plaintiff's First Set of Interrogatories to Cila Gold, Plaintiff's Request for Admissions to Defendant and Plaintiff's First Request for Production to Defendant's Salomon Gold and Cila Gold** on **SALOMON GOLD**, the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling, pursuant to Florida Statute, Section 48.031 (2) (a).

**Additional Information pertaining to this Service:**
2/15/2017  11:38 am  At given address, Salomon and Cila was not in the office, per maintenance worker, Salomon and Cila can be found at 1108 Kane Concourse Suite 224.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**Danny Mendez**
Certified Process Server #1265

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2017000212

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1e

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

      Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

      Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO CILA GOLD

      NOTICE IS HEREBY GIVEN that Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, pursuant to Rule 1.340 and the other applicable Rules of Florida Rules of Civil Procedure, has served the original Interrogatories and one copy, together with the Summons and Complaint on Defendant, CILA GOLD.

                              THE LAW OFFICES OF
                              EDDY O. MARBAN
                              1600 Ponce De Leon Boulevard
                              Suite 902
                              Coral Gables, Florida 331347
                              Telephone (305) 448-9292
                              Facsimile (305) 448-9477
                              E-mail: marbanlaw@gmail.com

                          By: _s/Edilberto O. Marban_
                              EDDY O. MARBAN, ESQ.
                              Fl. Bar No. 435960

## FIRST SET OF INTERROGATORIES TO DEFENDANT CILA GOLD

1.      Please state the name, address, date of birth, social security number and telephone number(s) for the individual(s) who had the power to direct or control Plaintiff's work. Please describe the extent of such authority, and explain whether more than one individual had to be involved in the process.

2.      Please state the name, address, date of birth, Social Security number and telephone number(s) for the individual(s) who determined the rate and method of payment for Plaintiff for the relevant time period preceding the filing of the Complaint.

3.      Please state the name, address and telephone number(s) for the individual(s) who maintained employment records for employees (including, but not limited to, Plaintiff) for the relevant time period preceding the filing of the Complaint.

4.      Please identify each and every document (including electronically stored information) pertaining to any fact alleged in any pleading (as defined in Rules of Civil Procedure).

5.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit including any individual who you know has made any statement or remark concerning any issue in this lawsuit, and specify the subject matter about which the witness has knowledge, and including any witnesses who may provide adverse testimony against Defendant(s).

6.    Please state the name, address, and phone number of the Defendant's accountant(s) for the time period stated in the Complaint as well as the name of the individual in charge of Defendant's payroll.

7.    Please state the total amount of wages that you paid Plaintiff during the relevant time period as alleged in the Complaint, for each workweek and how the amount of wages were determined (i.e., salary basis, hourly, or by any other means). Include the regular-rate paid to Plaintiff and the overtime hourly-rate (if any) paid to Plaintiff.

8.    Please state the dates when Plaintiff began to work for Defendant. Specify the nature of the employment agreement with Plaintiff, including, but not limited to, payment of wages or remuneration. Also, state the substance of all discussions as to the amount of hours which Plaintiff would be required to work, as well as the dates when any such discussions took place, the name, address and telephone number of the individual(s) who spoke with Plaintiff. If the original employment agreement ever changed, please explain any such changes as well as the dates when the changes took place (i.e., were Plaintiff's wages increased or decreased, was he given bonuses, etc.).

        a.  Please set forth in detail the hours that Plaintiff worked employed by Defendant. If Plaintiff's hours varied please explain how, and set forth in

detail the hours per week that Defendant claims Plaintiff worked;

b.  Please state the times that Plaintiff was expected to report to work and/or the times when Plaintiff was required to begin work, as well as the times when Plaintiff finished his work on weekdays as well as weekends;

c.  Please state whether there were seasons, or specific time periods when Plaintiff's hours were less or more. If so, describe any such specific time periods individually;

d.  Please state whether Plaintiff worked more than forty (40) hours per week while employed with Defendant, and if so, how overtime and minimum wages were paid to Plaintiff;

e.  Please state the nature of the employment agreement and/or understanding in connection with Plaintiff's compensation for the time when he was required to travel outside of Miami, including but not limited to Tampa, Jupiter, West Palm Beach and Naples. Please set forth the substance of any such agreement or understanding, the nature of the duties and the hours worked by Plaintiff when he traveled outside Miami; and

f.  Please state all of Plaintiff's duties while employed by the Defendant from 2013-2016.

10.  State whether Defendant ever discussed with Plaintiff the subject of overtime and minimum wage compensation. If your answer is in the affirmative, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address and telephone number of the individual(s) who spoke with Plaintiff. If your answer is in the negative, please state why you did not discuss overtime and minimum wage compensation.

11.  Please state in detail the reasons why Plaintiff's employment with Defendant ceased. If you claim Plaintiff was terminated, please state in detail all of the reasons why Plaintiff's employment was terminated.

12.  Did Defendant or anyone on behalf of Defendant keep track of the hours worked by

4

Plaintiff? If so, please identify and describe in detail the method used to keep track of the hours for Plaintiff. Please include the name, address, and telephone number for the individual(s) responsible for using such method, or keeping track of the hours.

13.     Were there any other records, used to memorialize hours worked by Plaintiff? If so, please identify the nature of the time records maintained (e.g., sign-in sheet), the job classification(s) to which each time record applied, the dates covered by each such time record, and if Defendant used a electronic time-keeping system, include in your answer the following information if any: brand name; vendor name, address, and telephone number; manufacturer name, address, and telephone number; and brand name of software used for the system.

14.     State the amount of time that Plaintiff was given for meals, or breaks, per day, which Defendant contends is not compensable for purposes of Plaintiff's Fair Labor Standards Act wages claim.

        a.     Please describe as to the meal periods which Plaintiff was entitled to take each day, including the duration of such meal periods; and

        b.     Sate the time when each meal period was allowed. Explain whether the meal period was automatically deducted for a specific time each time that was taken.

15.     If Defendant contends that it acted in good faith in connection with its obligation to comply with the Fair Labor Standards Act, please set forth all facts that support this contention as to keeping time records, paying overtime and minimum wages to Plaintiff.

16.     If Defendant claims that the Fair Labor Standards Act violations alleged, if any, were not committed intentionally, please set forth all facts in support of Defendant's allegations that the alleged violations were not intentional.

17.     Do you dispute you employed Plaintiff? If you claim that you did not employ Plaintiff please set forth the name and address of any other individual or entity you claim employed Plaintiff during the relevant time period.

_____

CILA GOLD

STATE OF FLORIDA             )
                             ) ss:
COUNTY OF MIAMI-DADE         )

The foregoing instrument was acknowledged before me this _____ day of _____, 2017, by [Name]_____, who is the [Title]_____ of CILA GOLD, who is personally known to me or who has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC,
State of Florida at Large

(SEAL)

7

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

      Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

      Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO SALOMON GOLD

NOTICE IS HEREBY GIVEN that Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, pursuant to Rule 1.340 and the other applicable Rules of Florida Rules of Civil Procedure, has served the original Interrogatories and one copy, together with the Summons and Complaint on Defendant, SALOMON GOLD.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard
Suite 902
Coral Gables, Florida 331347
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: _s/Edilberto O. Marban_
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

## FIRST SET OF INTERROGATORIES TO DEFENDANT

     1.    Please state the name, address, date of birth, social security number and telephone number(s) for the individual(s) who had the power to direct or control Plaintiff's work. Please describe the extent of such authority, and explain whether more than one individual had to be involved in the process.

     2.    Please state the name, address, date of birth, Social Security number and telephone number(s) for the individual(s) who determined the rate and method of payment for Plaintiff for the relevant time period preceding the filing of the Complaint.

     3.    Please state the name, address and telephone number(s) for the individual(s) who maintained employment records for employees (including, but not limited to, Plaintiff) for the relevant time period preceding the filing of the Complaint.

     4.    Please identify each and every document (including electronically stored information) pertaining to any fact alleged in any pleading (as defined in Rules of Civil Procedure).

2

5.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit including any individual who you know has made any statement or remark concerning any issue in this lawsuit, and specify the subject matter about which the witness has knowledge, and including any witnesses who may provide adverse testimony against Defendant(s).

6.  Please state the name, address, and phone number of the Defendant's accountant(s) for the time period stated in the Complaint as well as the name of the individual in charge of Defendant's payroll.

7.  Please state the total amount of wages that you paid Plaintiff during the relevant time period as alleged in the Complaint, for each workweek and how the amount of wages were determined (i.e., salary basis, hourly, or by any other means). Include the regular-rate paid to Plaintiff and the overtime hourly-rate (if any) paid to Plaintiff.

8.  Please state the dates when Plaintiff began to work for Defendant. Specify the nature of the employment agreement with Plaintiff, including, but not limited to, payment of wages or remuneration. Also, state the substance of all discussions as to the amount of hours which Plaintiff would be required to work, as well as the dates when any such discussions took place, the name, address and telephone number of the individual(s) who spoke with Plaintiff. If the original employment agreement ever changed, please explain any such changes as well as the dates when the changes took place (i.e., were Plaintiff's wages increased or decreased, was he given bonuses, etc.).

   a.  Please set forth in detail the hours that Plaintiff worked employed by Defendant. If Plaintiff's hours varied please explain how, and set forth in detail the hours per week that Defendant claims Plaintiff worked;

3

b. Please state the times that Plaintiff was expected to report to work and/or the times when Plaintiff was required to begin work, as well as the times when Plaintiff finished his work on weekdays as well as weekends;

c. Please state whether there were seasons, or specific time periods when Plaintiff's hours were less or more. If so, describe any such specific time periods individually;

d. Please state whether Plaintiff worked more than forty (40) hours per week while employed with Defendant, and if so, how overtime and minimum wages were paid to Plaintiff;

e. Please state the nature of the employment agreement and/or understanding in connection with Plaintiff's compensation for the time when he was required to travel outside of Miami, including, but not limited to Tampa, Jupiter, West Palm Beach and Naples. Please set forth the substance of any such agreement or understanding, the nature of the duties and the hours worked by Plaintiff when he traveled outside Miami; and

f. State all of Plaintiff's duties while employed by the Defendant from 2013-2016.

10.    State whether Defendant ever discussed with Plaintiff the subject of overtime and minimum wage compensation. If your answer is in the affirmative, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address and telephone number of the individual(s) who spoke with Plaintiff. If your answer is in the negative, please state why you did not discuss overtime and minimum wage compensation.

4

11.     Please state in detail the reasons why Plaintiff's employment with Defendant ceased. If you claim Plaintiff was terminated, please state in detail all of the reasons why Plaintiff's employment was terminated.

12.     Did Defendant or anyone on behalf of Defendant keep track of the hours worked by Plaintiff? If so, please identify and describe in detail the method used to keep track of the hours for Plaintiff. Please include the name, address, and telephone number for the individual(s) responsible for using such method, or keeping track of the hours.

13.     Were there any other records, used to memorialize hours worked by Plaintiff? If so, please identify the nature of the time records maintained (e.g., sign-in sheet), the job classification(s) to which each time record applied, the dates covered by each such time record, and if Defendants used a electronic time-keeping system, include in your answer the following information if any: brand name; vendor name, address, and telephone number; manufacturer name, address, and telephone number; and brand name of software used for the system.

14.     State the amount of time that Plaintiff was given for meals, or breaks, per day, which Defendant contends is not compensable for purposes of Plaintiff's Fair Labor Standards Act wages claim.

        a.     Please describe as to the meal periods which Plaintiff was entitled to take each day, including the duration of such meal periods; and

        b.     Sate the time when each meal period was allowed. Explain whether the meal period was automatically deducted for a specific time each time that was taken.

15.     If Defendant contends that it acted in good faith in connection with its obligation to comply with the Fair Labor Standards Act, please set forth all facts that support this contention as to keeping time records and paying overtime and minimum wages to Plaintiff.

16.     If Defendant claims that the Fair Labor Standards Act violations alleged, if any, were not committed intentionally, please set forth all facts in support of Defendant's allegations that the alleged violations were not intentional.

17.     Do you dispute you employed Plaintiff? If you claim that you did not employ Plaintiff please set forth the name and address of any other individual or entity you claim employed Plaintiff during the relevant time period.

_____
SALOMON GOLD

STATE OF FLORIDA            )
                           ) ss:
COUNTY OF MIAMI-DADE    )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2017, by [Name]_____, who is the [Title]_____ of SALOMON GOLD, who is personally known to me or who has produced _____ as identification and who did take an oath.

_____
NOTARY PUBLIC,
State of Florida at Large

(SEAL)

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

     Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

     Defendants.

_____/

## NOTICE OF CONSENT TO JOIN

     Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned attorney, and hereby

gives notice of his written Consent to Join.

     I HEREBY CERTIFY that the foregoing Notice was served on Defendants together with

the Summons and Complaint.

                    THE LAW OFFICES OF
                    EDDY O. MARBAN
                    1600 Ponce De Leon Boulevard, Suite 902
                    Coral Gables, Florida 33134
                    Telephone (305) 448-9292
                    Facsimile (305) 448-9477
                    E-mail: marbanlaw@gmail.com

                    By: *s/Edilberto O. Marban*
                       EDDY O. MARBAN, ESQ.
                       Fl. Bar No. 435960

## CONSENT TO JOIN

The undersigned, **PEDRO LEYVA,** pursuant to 29 U.S.C. 216(b), hereby consents to become a party plaintiff in this action.

_____

**PEDRO LEYVA**

Date: _/ - 3 - 20/7_

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

     Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

     Defendants.

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS

COMES NOW Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, hereby files responses to Defendants, SALOMON GOLD and CILA GOLD's First Request for Admissions as follows:

1.    Admit the Plaintiff was a domestic employee as defined in 29 C.F.R. § 552.3.

2.    Admit or deny that Plaintiff's domestic employment is subject to coverage pursuant to the Fair Labor Standards Act.

3.    Admit or deny that Defendants engaged in interstate commerce by virtue of employing Plaintiff in domestic service as contemplated by 29 U.S.C. § 202(a).

4.    Admit or deny that in the years 2013 through 2016, Defendants did not pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week.

5.    Admit or deny that you owe Plaintiff at least some amount of overtime wages for work performed during his employment with Defendants.

6.     Admit or deny that you owe Plaintiff at least some amount of minimum wages for work performed during his employment with Defendants.

7.     Admit or deny that while Plaintiff was employed he travelled with you to location outside of Miami-Dade County and slept away from Miami.

8.     Admit or deny that at the beginning of Plaintiff's employment some of his wages were paid in cash.

I HEREBY CERTIFY that the foregoing Request was served on Defendants together with the Summons and Complaint.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard
Suite 902
Coral Gables, Florida 331347
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By:  s/Edilberto O. Marban
        EDDY O. MARBAN, ESQ.
        Fl. Bar No. 435960

2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 17-000732 CA 01

PEDRO PEREZ LEYVA,

     Plaintiff,

vs.

SALOMON GOLD, individually, and CILA GOLD, individually,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS SALOMON GOLD AND CILA GOLD

Plaintiff, PEDRO PEREZ LEYVA, by and through his undersigned counsel, pursuant to Rule 1.350 and other applicable rules of the Florida Rules of Civil Procedure, requires *each* Defendant, SALOMON GOLD and CILA GOLD, to produce the following:

1. All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

2. All contracts/documents of employment relating to Plaintiff's employment with Defendants.

3. All time sheets for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants until such time as Plaintiff's employment ceased. Include all documents pertaining to hours worked by Plaintiff for Defendants.

4. All documents, records, electronic data that pertain and relate to Plaintiff's employment and/or termination of employment.

5.     All employee income-reporting documents submitted by Defendants to the Internal Revenue Service, including UCT-6, regarding Plaintiff for the period that Plaintiff worked for Defendants, as stated in the Complaint.

6.     Any and all documents identified in Defendants response to Plaintiff's First Set of Interrogatories to Defendants filed simultaneously herewith.

7.     Any and all wage claims and/or wage hour complaints filed by any of Defendants' former or current employees and/or independent contractors for alleged violations of Federal and/or State Wage Hours Statutes.

8.     Any and all documents which depict, embody, or otherwise reflect Defendants' policies, practices, and procedures related to their payment of overtime and minimum wage compensation during the relevant time period.

9.     Any and all documents which depict, embody, or otherwise reflect Defendants' policies, practices, and procedures related to their grant of vacation time and/or the payment of accrued but unused vacation paid to employees and/or independent contractors during the relevant time period.

10.    Any and all time cards, time and attendance sheets, and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment with Defendants.

11.    All paychecks, W-2 statements, 1099 statements, and other payroll documents which reflect the wages paid to Plaintiff by Defendants during the relevant time period.

12.    Any and all documents submitted by the Defendants to the United States Department of Labor or the Florida Department of Labor (Fair Labor Standards Division)

regarding either agency's investigation and/or audit of Defendants' wage hour practices during the relevant time period.

13.     Any and all documents received from the Florida Department of Labor, Fair Labor Standards Division, regarding the agency's investigation and/or audit of Defendants' wage hour practices during the relevant time period.

14.     Any and all employee handbooks, personnel policies or other documents which embody or otherwise reflect Defendants' employment and/or association as an independent contractor policies, practices, and procedures in effect during the period of Plaintiff's employment, including any amendments or modifications thereto.

15.     The complete personnel file of Plaintiff and any or all other documents related to Plaintiff's employment by Defendants.

16.     Documents relating to any Complaint filed with the Federal or State Department of Labor alleging wage hour violations on the part of Defendant, by any former or current employee.

17.     Documents relating to any Complaint filed with any Court of competent jurisdiction alleging wage hour violations on the part of Defendant, by any former or current employee.

18.     The names of each and every employee and/or independent contractor terminated by Defendant at the subject facility during the relevant time period preceding the filing of the Complaint in this action and the reason for said termination.

19.     Any and all job descriptions, specifications, or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment with Defendants.

3

20. Any and all documents in which Defendants intend to rely at trial to support their Affirmative Defenses set forth in their Answer to this Complaint.

21. Any and all written statements of actual potential witnesses taken by or on behalf of Defendants in this action.

22. Any and all documents which support Defendants' position that they were not obligated to pay overtime wages to Plaintiff.

23. Any and all documents which support Defendants' position that they were not obligated to pay minimum wages to Plaintiff.

24. Any and all documents which support Defendants' position that they accurately paid minimum wages to Plaintiff.

25. Any and all documents in support of Defendants position that they did not intentionally, nor with reckless disregard, fail to comply with the Florida Minimum Wage Law.

26. Any and all documents in support of Defendants' position that they at all times acted in good faith in connection with their obligation to comply with the Florida Minimum Wage Law.

27. Any and all documents relied upon in order to determine the reasonable cost of benefits or meals, which Defendants contend was provided to Plaintiff, for the relevant time period preceding the filing of the Complaint.

28. The financial statements, including, balance sheets and tax returns for the Defendants during the relevant time period.

29. Any and all documents, including but not limited to, e-mails and or text messages reflecting work schedule for Plaintiff for the relevant time period preceding the filing of the Complaint.

30.     Any all documents that evidence the method of calculation of overtime pay.

31.     Any and all documents that reflect deductions to Plaintiff's hourly wage.

32.     Any and all documents which evidence who supervised or directed Plaintiff's work.

33.     Any and all documents which reflect the type of work performed by Plaintiff for Defendants for the relevant time period preceding the filing of the Complaint.

34.     Any and all documents which evidence payment to Plaintiff from Defendants.

35.     Any and all documents which evidence who supervised or directed Plaintiff's work while employed and/or associated as an independent contractor with Defendants.

36.     Any time records or documents of any kind evidencing the hours worked by Plaintiff for the relevant time period preceding the filing of the Complaint.

37.     Any and all documents which evidence who had the power to hire and/or fire employees and/or independent contractors, including Plaintiff during his employment.

38.     Any and all documents which evidence who had the power to determine or modify Plaintiff's conditions of employment for the relevant time period preceding the filing of the Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendants with the Summons and Complaint.

5

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: s/Edilberto O. Marban
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2017-732 CA 01

**PEDRO PEREZ LEYVA,**

Plaintiff(s),

v.

**SALOMON GOLD, et al,**

Defendant(s),

_____/

## ORDER TRANSFERRING CASE OUT OF SECTION 20 AND BLIND-FILED TO ANOTHER SECTION

**THIS CAUSE** came for review by the undersigned Administrative Judge and the Court being fully advised in the premises, it is hereby:

It is further **ORDERED AND ADJUDGED** that due to a clerical error, this cause is to be transferred out of Section 20 and blind –filed to another section.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida, this 22nd of February, 2017.

REASSIGNED BY BLIND
FILING TO SECTION_____
PER ORDER OF ADM. JUDGE
THIS DATE _____ FEB 2 4 2017
_____ D.C.

_____

JENNIFER D. BAILEY
Administrative Judge

Copies furnished to:
  Counsel of record

ORIGINAL
JUDGE JENNIFER D. BAILEY

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

PEDRO PEREZ LEYVA,

      Plaintiff,

GENERAL JURISDICTION DIVISION

vs.

CASE NO.: 17-000732-CA

SALOMON GOLD and CILA GOLD,

      Defendants.

_____/

## NOTICE OF APPEARANCE

Sundeep K. Mullick, Esq. of The Law Office of Lowell J. Kuvin, LLC hereby files this

Notice of Appearance in the above-styled cause as counsel for Defendants, SALOMON GOLD

and CILA GOLD.

Dated: March 7, 2017

> /s/ Sundeep K. Mullick
> Sundeep K. Mullick
> Fla. Bar No.: 18175
> sunny@kuvinlaw.com
> Law Office of Lowell J. Kuvin, LLC
> 17 E. Flagler Street, Suite 223
> Miami, Florida 33131
> Tel:   305.358.6800
> Fax:  305.358.6808
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017, I electronically filed the foregoing document with
the Court's e-filing Portal which will automatically send a copy of same to all registered users in
this case.

> /s/ Sundeep K. Mullick
> Sundeep K. Mullick